UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re:*
NM HOLDINGS COMPANY, LLC, *et al.,*

                    Debtors.
_____/

*In re:*
DELUXE PATTERN CORPORATION, *et al.,*

                    Debtors.
_____/

STUART A. GOLD, TRUSTEE,
Plaintiff,

v.

LARRY J. WINGET, SR., *et al.,*

Defendants.

Chapter 7

Case No. 03-48939
(Jointly Administered)
Judge Thomas J. Tucker

Chapter 7

Case No. 04-54977-TJT
(Jointly Administered)
Judge Thomas J. Tucker

Adv. Pro. No. 04-4373

(Consolidated with Adv. Pro. Nos.
03-5356, 03-5357, 03-5358, 03-
5359, 05-4963, 05-4964, 05-4966,
05-4968, 05-4969, 05-4972, 05-
5592, 06-4709, 06-4710, 06-4711,
06-4712, 06-4713, 06-4714, 06-
4715, 06-4717, 06-4718, 06-4719,
06-4720, 06-4721, 06-4722, 06-
4723, 06-4724, 06-4725, 06-4726,
06-4727, 06-4728, 06-4729, 06-
4730, 06-4731, 06-4732, and 06-
4733)

---

**ORDER REGARDING MOTIONS TO DISMISS
AND MOTIONS FOR MORE DEFINITE STATEMENT**

Before the Court in these consolidated adversary proceedings are several motions to

dismiss, and several motions in the alternative for more definite statement regarding, various

counts of the Plaintiff Stuart A. Gold, Trustee's Complaint in Case No. 04-4373 and in his complaints in several other of the consolidated adversary proceedings. On this date, the Court filed its "Opinion Regarding Motions to Dismiss And Motions for More Definite Statement" (Docket # 351, the "Opinion"). For the reasons stated in the Opinion,

IT IS ORDERED that:

**_With respect to the following motions filed in Case No. 04-4373,_**

1. The motion entitled "Larry J. Winget, Sr., Venture Nevada, LLC, Pompo Insurance & Indemnity Co., Ltd., VIR Company, LLC, and Modas LLC's Combined Motion to Dismiss in Part the Adversary Complaint,"(Docket # 128) is granted to the extent of the relief provided by the next five paragraphs in this Order, and otherwise is denied.

2. Any and all intentional fraudulent transfer claims in Counts III and IV of Plaintiff's Complaint (Docket # 1) that are based on an alleged intent to defraud a creditor, as opposed to an alleged intent to hinder or delay a creditor, are dismissed as to all Defendants, without prejudice to Plaintiff's right to file an amended complaint as provided in this Order. As used in this paragraph, the phrase "intentional fraudulent transfer claims" has the meaning stated in the Opinion.

3. Any and all unjust enrichment claims in Count I of Plaintiff's Complaint are dismissed as to Defendant Venture Nevada, LLC only, without prejudice to Plaintiff's right to file an amended complaint as provided in this Order.

4. Any and all claims of breach of fiduciary duty in Count II of the Plaintiff's Complaint are dismissed, to the extent they are based on an intent by Defendant Larry J. Winget, Sr. to defraud any person or entity, as opposed to recklessness or negligence by Defendant Winget. This

2

dismissal is without prejudice to Plaintiff's right to file an amended complaint as provided in this Order.

5.  Counts VI and XIII of Plaintiff's Complaint are dismissed as to the following Defendants only, without prejudice: N. Matthew Winget; Alicia J. Winget; Brian P. Winget; Adelicia J. Tignanelli; Gwendolyn Cameron; Venture Nevada, LLC; VIR Company LLC; Venture Industries Australia, Pty. Ltd.; and Venture Asia Pacific, Pty. Ltd.

6.  Counts IX (Appointment of an Equity Receiver) and X (Common Counts) of Plaintiff's Complaint are dismissed as to all Defendants, with prejudice.

7.  Plaintiff is granted leave to file an amended complaint, to allege with greater particularity claims of the type dismissed without prejudice by this Order, and to make any other amendments to the Complaint that Plaintiff wishes to make.  Such an amended complaint must be filed no later than **May 18, 2009**, unless that deadline is extended by a further order of this Court.  If Plaintiff does not file an amended complaint by the stated deadline, then all of the dismissed claims described in this Order as being dismissed without prejudice, except Counts VI and XIII, will thenceforth be deemed dismissed with prejudice.

8.  The motion entitled "Larry J. Winget, Sr., Venture Nevada, LLC, Pompo Insurance & Indemnity Co., Ltd., VIR Company, LLC, and Modas LLC's Motion in the Alternative for a More Definite Statement" (Docket # 125) is denied.

9.  The motion entitled "Alicia J. Winget; Brian P. Winget; Adelicia J. Tignanelli; Gwendolyn Cameron; Golf Course Services, LLC; and Winget Construction, LLC's Motion to Dismiss Adversary Complaint," (Docket # 117) is granted to the extent of the relief provided by this Order, and otherwise is denied.

10.  The motion entitled "Alicia J. Winget; Brian P. Winget; Adelicia J. Tignanelli; Gwendolyn Cameron; Golf Course Services, LLC; and Winget Construction, LLC's Motion For More Definite Statement," (Docket # 113) is denied.

11.  The motion entitled "Defendants Venture Industries Australia, Pty. Ltd.'s and Venture Asia Pacific, Pty. Ltd.'s Motion to Dismiss," (Docket # 133) is granted to the extent of the relief provided by this Order, and otherwise is denied.

12.  The motion entitled "N. Matthew Winget and Linden Creek Enterprises, LLC's Motion Dismiss The Complaint In Part," (Docket # 105) is granted to the extent of the relief provided by this Order, and otherwise is denied.

13.  The motion entitled "N. Matthew Winget and Linden Creek Enterprises, LLC's Motion In The Alternative For A More Definite Statement," (Docket # 110) is denied.

***With respect to the following motions filed originally in Case No. 05-4963,***

14.  The motion entitled "Venco Management Canada, Ltd.'s Motion To Dismiss Adversary Complaint," (Docket # 20 in Case No. 05-4963) is granted to the extent of the relief provided by the next two paragraphs in this Order, and otherwise is denied.

15.  Any and all intentional fraudulent transfer claims in Count I of Plaintiff's Complaint (Docket # 1) that are based on an alleged intent to defraud a creditor, as opposed to an alleged intent to hinder or delay a creditor, are dismissed, without prejudice to Plaintiff's right to file an amended complaint as provided in this Order.  As used in this paragraph, the phrase "intentional fraudulent transfer claims" has the meaning stated in the Opinion.

16.  Count II of Plaintiff's Complaint is dismissed, without prejudice.

17.  Plaintiff is granted leave to file an amended complaint, to allege with greater particularity

4

claims of the type dismissed without prejudice by this Order, and to make any other amendments to the Complaint that Plaintiff wishes to make. Such an amended complaint must be filed no later than **May 18, 2009**, unless that deadline is extended by a further order of this Court. If Plaintiff does not file an amended complaint by the stated deadline, then all of the dismissed claims in Count I described in this Order as being dismissed without prejudice will thenceforth be deemed dismissed with prejudice.

18. The motion entitled "Venco Management Canada Ltd.'s Motion In The Alternative For A More Definite Statement," (Docket # 23 in Case No. 05-4963) is denied.

*With respect to the following motion filed originally in Case No. 05-4964,*

19. The motion entitled "Defendant Millard Design Australia Pty. Ltd.'s Motion To Dismiss," (Docket # 18 in Case No. 05-4964) is granted to the extent of the relief provided by the next two paragraphs in this Order, and otherwise is denied.

20. Any and all intentional fraudulent transfer claims in Count I of Plaintiff's Complaint (Docket # 1) that are based on an alleged intent to defraud a creditor, as opposed to an alleged intent to hinder or delay a creditor, are dismissed, without prejudice to Plaintiff's right to file an amended complaint as provided in this Order. As used in this paragraph, the phrase "intentional fraudulent transfer claims" has the meaning stated in the Opinion.

21. Count II of Plaintiff's Complaint is dismissed, without prejudice.

22. Plaintiff is granted leave to file an amended complaint, to allege with greater particularity claims of the type dismissed without prejudice by this Order, and to make any other amendments to the Complaint that Plaintiff wishes to make. Such an amended complaint must be filed no later than **May 18, 2009**, unless that deadline is extended by a further order of this Court. If

Plaintiff does not file an amended complaint by the stated deadline, then all of the dismissed claims in Count I described in this Order as being dismissed without prejudice will thenceforth be deemed dismissed with prejudice.

*With respect to the following motions filed originally in Case No. 05-4968,*

23. The motion entitled "Linden Creed Real Estate LLC's Motion To Dismiss The Complaint In Part," (Docket # 18 in Case No. 05-4968) is granted to the extent of the relief provided by the next paragraph in this Order, and otherwise is denied.

24. Any and all intentional fraudulent transfer claims in Count I of Plaintiff's Complaint (Docket # 1) that are based on an alleged intent to defraud a creditor, as opposed to an alleged intent to hinder or delay a creditor, are dismissed, without prejudice to Plaintiff's right to file an amended complaint as provided in this Order. As used in this paragraph, the phrase "intentional fraudulent transfer claims" has the meaning stated in the Opinion.

25. Plaintiff is granted leave to file an amended complaint, to allege with greater particularity claims of the type dismissed without prejudice by this Order, and to make any other amendments to the Complaint that Plaintiff wishes to make. Such an amended complaint must be filed no later than **May 18, 2009**, unless that deadline is extended by a further order of this Court. If Plaintiff does not file an amended complaint by the stated deadline, then all of the dismissed claims in Count I described in this Order as being dismissed without prejudice will thenceforth be deemed dismissed with prejudice.

26. The motion entitled "Linden Creek Real Estate LLC's Motion In The Alternative For A More Definite Statement," (Docket # 23 in Case No. 05-4968) is denied.

*With respect to the following motions filed originally in Case No. 05-4969,*

6

27. The motion entitled "M&M Flow Through Systems, LLC's Motion To Dismiss The Complaint In Part," (Docket # 17 in Case No. 05-4969) is granted to the extent of the relief provided by the next paragraph in this Order, and otherwise is denied.

28. Any and all intentional fraudulent transfer claims in Count I of Plaintiff's Complaint (Docket # 1) that are based on an alleged intent to defraud a creditor, as opposed to an alleged intent to hinder or delay a creditor, are dismissed, without prejudice to Plaintiff's right to file an amended complaint as provided in this Order. As used in this paragraph, the phrase "intentional fraudulent transfer claims" has the meaning stated in the Opinion.

29. Plaintiff is granted leave to file an amended complaint, to allege with greater particularity claims of the type dismissed without prejudice by this Order, and to make any other amendments to the Complaint that Plaintiff wishes to make. Such an amended complaint must be filed no later than **May 18, 2009**, unless that deadline is extended by a further order of this Court. If Plaintiff does not file an amended complaint by the stated deadline, then all of the dismissed claims in Count I described in this Order as being dismissed without prejudice will thenceforth be deemed dismissed with prejudice.

30. The motion entitled "M&M Flow Through Systems, LLC's Motion In The Alternative For A More Definite Statement," (Docket # 15 in Case No. 05-4969) is denied.

*With respect to the following motions filed originally in Case No. 05-4972,*

31. The motion entitled "Larry J. Winget, Sr.'s Motion To Dismiss The Adversary Complaint," (Docket # 23 in Case No. 05-4972) is granted to the extent of the relief provided by the next paragraph in this Order, and otherwise is denied.

32. Any and all intentional fraudulent transfer claims in Count I of Plaintiff's Complaint (Docket

# 1) that are based on an alleged intent to defraud a creditor, as opposed to an alleged intent to

hinder or delay a creditor, are dismissed, without prejudice to Plaintiff's right to file an amended

complaint as provided in this Order. As used in this paragraph, the phrase "intentional fraudulent

transfer claims" has the meaning stated in the Opinion.

33. Plaintiff is granted leave to file an amended complaint, to allege with greater particularity

claims of the type dismissed without prejudice by this Order, and to make any other amendments

to the Complaint that Plaintiff wishes to make. Such an amended complaint must be filed no

later than **May 18, 2009**, unless that deadline is extended by a further order of this Court. If

Plaintiff does not file an amended complaint by the stated deadline, then all of the dismissed

claims in Count I described in this Order as being dismissed without prejudice will thenceforth

be deemed dismissed with prejudice.

34. The motion entitled "Larry J. Winget Sr's Motion In The Alternative For A More Definite

Statement," (Docket # 26 in Case No. 05-4972) is denied.

### *With respect to the following motions filed originally in Case No. 03-5356,*

35. The motion entitled "Venture Sales & Engineering Corporation's Motion To Dismiss In Part

The Amended Adversary Complaint In Intervention," (Docket # 98 in Case No. 03-5356) is

granted to the extent of the relief provided by the next two paragraphs in this Order, and

otherwise is denied.

36. Any and all intentional fraudulent transfer claims in Counts I and II of Plaintiff's First

Amended Complaint (Docket # 26) that are based on an alleged intent to defraud a creditor, as

opposed to an alleged intent to hinder or delay a creditor, are dismissed, without prejudice to

Plaintiff's right to file an amended complaint as provided in this Order. As used in this

8

paragraph, the phrase "intentional fraudulent transfer claims" has the meaning stated in the Opinion.

37. Counts VIII (Common Counts) and X (Appointment of an Equity Receiver) of Plaintiff's First Amended Complaint (Docket # 26) are dismissed, with prejudice.

38. Plaintiff is granted leave to file an amended complaint, to allege with greater particularity claims of the type dismissed without prejudice by this Order, and to make any other amendments to the Complaint that Plaintiff wishes to make. Such an amended complaint must be filed no later than **May 18, 2009**, unless that deadline is extended by a further order of this Court. If Plaintiff does not file an amended complaint by the stated deadline, then all of the dismissed claims in Counts I and II described in this Order as being dismissed without prejudice will thenceforth be deemed dismissed with prejudice.

39. The motion entitled "Venture Sales & Engineering Corporation's Motion In The Alternative For A More Definite Statement," (Docket # 102 in Case No. 03-5356) is denied.

**Signed on April 17, 2009**                    ___/s/ Thomas J. Tucker___
                                                **Thomas J. Tucker**
                                                **United States Bankruptcy Judge**